**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ERNEST HOWARD-BRADLEY,** | ) | **CASE NO. 4:14 CV 869** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **CAROLYN L. SIMMONS, *et al.*,** | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Ernest Howard-Bradley filed this *Bivens*[1] action against Social Security Administration Associate Commissioner Carolyn L. Simmons, Social Security Administration Acting Commissioner Carolyn W. Colvin, Unknown Fiduciary Agents, Unknown Fiduciary Disbursing Agents.  In the Complaint (Doc. # 1), Plaintiff asserts he was wrongfully denied social security benefits in violation of the Fourteenth and Fifth Amendments.  He seeks monetary damages and injunctive relief.

## I.  BACKGROUND

Plaintiff's Complaint contains so much legal rhetoric that it is often difficult to decipher his allegations and causes of action.  It appears Plaintiff was awarded social security disability benefits at some point prior to 2003.  On December 10, 2002, Plaintiff was found guilty of various drug-related crimes in the Beaver County Pennsylvania Court of Common Pleas.  He

---

[1]    *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

was sentenced on February 12, 2003 to three to ten years imprisonment.  As a result of his incarceration for a felony offense, Plaintiff was informed on April 11, 2003 that his social security disability benefits were terminated.  He received a second letter in June 2003 informing him that he was erroneously paid benefits in February 2003 and March 2003 and owed $2,489.40 for the overpayment.

Plaintiff appealed the termination of his benefits.  In a letter dated May 30, 1996, Plaintiff received an apparently conflicting opinion.  In pertinent part, the letter states:

> Section 202(x) of the Social Security Act, as amended by PL 103-387, states that beginning in February 1995, no monthly benefits shall be paid to any individual confined in a jail, prison, other penal institution, or correctional facility as a result of a conviction of an offense which is punishable by a sentence of more than one year of imprisonment, regardless of the actual sentence imposed.
>
> After extensive development of this issue through the Bureau of Corrections, we have determined that you were charged, convicted, and confined to the Commonwealth of Pennsylvania, Beaver County, for controlled substance, with intent to deliver on February 28, 2001.  This is a felony, and according to the law, *benefits are payable to you for that time period.*
>
> *Your claims file will be routed to the Payment Staff to insure that you are refunded the money that was withheld from your benefits for any of those suspension months.*

(Doc. # 1-2 at 37)(emphasis added).  Plaintiff contends he unsuccessfully attempted collect back benefits in accordance with the terms of this decision from 2006 until August 2013.

It appears Plaintiff reapplied for benefits in March 2013.  On August 13, 2013, Plaintiff received a letter from the Social Security Administration informing him that he was entitled to receive monthly disability benefits.   They stated there is a one year limit on retroactivity of benefits, so Plaintiff could be awarded benefits beginning March 2012.  The Social Security

Administration further noted that Plaintiff was prohibited by law from receiving social security benefits while he was incarcerated for any period longer than a month for a felony conviction. Their records indicated Plaintiff was incarcerated from February 2003 until February 2013, and he could not be paid benefits from March 2012 through February 2013.  The Social Security Administration then indicated it was withholding benefits due for March 2013 through July 2013 "because it was determined that you may not be capable of handling your own benefits and may require a representative payee." (Doc. # 1-2 at 25).  Finally, the Social Security Administration indicated it still showed an outstanding balance for the overpayment of benefits in 2003 in the amount of $ 2,489.40, and that amount would be repaid by withholding his full check beginning October 2013.

Plaintiff objects to these decisions of the Social Security Administration and claims the Associate Commissioner, the Acting Commissioner, Unknown Fiduciary Agents and Unknown Fiduciary Disbursing Agents violated his constitutional rights to due process and equal protection.  He also appears to assert claims attacking his 2003 conviction.  He seek monetary damages for the denial of his benefits, monetary damages for false imprisonment from February 2003 to February 2013, and enforcement of the May 2006 Social Security Administration decision.

## II.  STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court

-4-

to draw on its judicial experience and common sense." *Id.*

### III.  ANALYSIS

While Plaintiff attempts to characterize this as a *Bivens* action, he in substance asks this Court to review the decisions of the Social Security Administration, overturn the current decision of the Commissioner, order the Administration to uphold the May 2006 decision of the Commissioner and award him benefits in accordance with that decision.  The District Court's jurisdiction to review the denial of social security benefits lies under § 405(g).  *See Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991).  In order to obtain judicial review, an initial determination on a claim must first be made by the Commissioner.  Following the initial determination, a dissatisfied claimant may seek reconsideration.  *See* 20 C.F.R. §§ 404.909, 404.920.  After reconsideration, a hearing before an administrative law judge (ALJ) may be requested.  *See* 20 C.F.R. §§ 404.933, 404.936, 404.955.  After the ALJ has issued a decision, further review may be sought before the Appeals Council.  Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g).  Once a final decision has been made, the claimant may then file an action in this Court to review the Commissioner's decision before the appropriate federal district court.  *See Willis*, 931 F.2d at 396.  Plaintiff cannot by-pass this process by filing the action under *Bivens* and characterizing the decisions as a denial of due process and equal protection.  The Court lacks jurisdiction to conduct a review of his benefits absent an indication that Plaintiff followed the appropriate appeals procedure.

Moreover, even if the Court had jurisdiction to consider this matter, Plaintiff would not have a remedy under *Bivens*.  In *Bivens* the Supreme Court recognized an implied cause of

action for damages against federal officers to redress a constitutional violation, specifically an alleged violation of the Fourth Amendment by federal law-enforcement agents in connection with a warrantless search and seizure. *Bivens*, 403 U.S. at 389–90. The Court did so notwithstanding the absence of a statutory right of action, finding "no special factors counseling hesitation in the absence of affirmative action by Congress," and no express statement from Congress that relief should not be available under the circumstances. *Id*. at 396-97; *see also Vance v. Rumsfeld*, 701 F.3d 193, 198 (7th Cir. 2012) (en banc) ("*Bivens* was the first time the Supreme Court created a non-statutory right of action for damages against federal employees."). The decision rested on a general premise that "'where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief.'" *Bivens*, 403 U.S. at  at 392 (quoting *Bell v. Hood*, 327 U.S. 678, 684 (1946)).

*Biven*s was decided in 1971, and during the next decade, the Supreme Court has only twice extended its holding to new contexts.  In *Davis v. Passman*, 442 U.S. 228, 230 (1979), the Court authorized a *Bivens* cause of action for discrimination in public employment in violation of the Fifth Amendment.  In *Carlson v. Green*, 446 U.S. 14, 18 (1980), the Court recognized a *Bivens* claim against federal prison officials for Eighth Amendment violations.  Since *Carlson*, however, the Court has not authorized a *Bivens* action in any other context.

Instead, the Court's decisions have refined and narrowed the remedy available under *Bivens* in several important respects.  First, the Court has identified specific contexts in which "special factors" counsel against extending the *Bivens* remedy, such as concerns about the special status of the federal defendants or sensitivity to the nature of the governmental activity

-6-

involved.  *See, e.g.*, *Corrections Servs. Corp. v. Malesko*, 534 U.S. 61, 63 (2001) (no *Bivens* action against private correctional corporation acting under color of federal law); *FDIC v. Meyer*, 510 U.S. 471, 473 (1994) (no *Bivens* action against a federal agency); *United States v. Stanley*, 483 U.S. 669, 683–84 (1987) (no *Bivens* action for injuries arising out of or in the course of activity incident to military service); *Chappell v. Wallace*, 462 U.S. 296, 299–302(1983) (same).  Second, the Court has explained that the existence of a comprehensive, alternative remedial scheme may preclude a *Bivens* remedy even where the alternative relief is imperfect compared to *Bivens* and Congress has not explicitly declared it to be a substitute. See, e.g., *Bush v. Lucas*, 462 U.S. 367, 368 (1983) (no *Bivens* action where a federal employer commits a First Amendment violation because relief is available under a comprehensive statutory scheme).

It is under this second rationale that the Supreme Court specifically held there is no *Bivens* action for an alleged due process violation in connection with the denial of social security disability benefits because relief is available under a comprehensive statutory scheme. *Schweiker v. Chilicky*, 487 U.S. 412, 414 (1988).  "When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration" no *Bivens* action can be implied or should be created.  *Schweiker*, 487 U.S. at 423.  Plaintiff must pursue relief through the Social Security appeals process.

Finally to the extent Plaintiff seeks to challenge his 2003 conviction under *Bivens*, his claim must be dismissed.  As an initial matter, the Defendants in this action are all employees of the Social Security Administration.  They have no apparent connection to the actions that

-7-

resulted in Plaintiff's conviction.

Moreover, a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Plaintiff served his sentence. His conviction was not overturned. He cannot attack his 2003 conviction in this civil action.

## IV.  CONCLUSION

Accordingly, Plaintiff Application to Proceed *In Forma Pauperis* (Doc. # 4) is **granted**, all other pending Motions (Doc. # 2, 3, and 5) are **denied**, and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

*/s/Dan Aaron Polster 9/8/14*
**Dan Aaron Polster**
**United States District Judge**

---

[2]    28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.